QUESTION: Can the revenues that accrue to the state pursuant to Art. XII, s. 9(a), State Const., from the gross receipts tax be used to finance fixed capital outlay projects at the Florida School for the Deaf and the Blind and for fixed capital outlay needs of the state system of public broadcasting, including educational television, which is a component of the Department of Education?
SUMMARY: The Capital Outlay Fund provided for in Art. XII, s. 19, State Const. 1885, as continued pursuant to Art. XII, s. 9(a), State Const., may be expended only upon capital outlay projects of institutions of higher learning, junior colleges, and vocational-technical schools as provided for in Ch. 230, F.S. Since both the Florida School for the Deaf and the Blind and the state system of public broadcasting, including educational television, fall outside the definitional context of these three categories of educational institutions, they would not be eligible to receive capital outlay funds pursuant to Art. XII, s. 9(a). Article XII, s. 9(a), State Const., in pertinent part provides: Article XII, Section 19, of the Constitution of 1885, as amended, as it existed immediately before this revision becomes effective, is adopted by this reference as a part of this revision as completely as though incorporated herein verbatim, except bonds or tax anticipation certificates hereafter issued thereunder may bear interest not in excess of five percent (5%) per annum or such higher interest as may be authorized by statute passed by a threefifths (3/5!mfe!x) vote of each house of the Legislature. No revenue bonds or tax anticipation certificates shall be issued pursuant thereto after June 30, 1975. Article XII, s. 19, State Const. 1885, as continued by the present Art. XII, s. 9(a), provides for the creation of the Institutions of Higher Learning and Junior Colleges Capital Outlay and Debt Service Trust Fund, also known as the Capital Outlay Fund. Such fund is administered by the State Board of Education and is financed from the proceeds of the gross receipts tax levied pursuant to Ch. 203, F.S., with the exception of the tax levied pursuant to s. 203.05. The expenditure of moneys in the Capital Outlay Fund is authorized under Art. XII, s. 19(b) and (c), State Const. 1885, as continued, for the following purposes and upon the following priorities: The State Board shall have power, for the purpose of obtaining funds for acquiring, building, constructing, altering, improving, enlarging, furnishing or equipping capital outlay projects theretofore authorized by the legislature and any purposes appurtenant or incidental thereto, for Institutions of Higher Learning or Junior Colleges, as now defined or as may be hereafter defined by law, and for the purpose of constructing buildings and other permanent facilities for vocational technical schools as provided in Chapter 230, Florida Statutes, to issue bonds or certificates, including refunding bonds or certificates to fund or refund any bonds or certificates theretofore issued. * * * * * The State Board shall use the moneys in said Capital Outlay Fund in each fiscal year only for the following purposes and in the following order of priority: (1) For the payment of the principal of and interest on any bonds or certificates maturing in such fiscal year. (2) For the deposit into any reserve funds provided for in the proceedings authorizing the issuance of said bonds or certificates, of any amounts required to be deposited in such reserve funds in such fiscal year. (3) After all payments required in such fiscal year for the purposes provided for in (1) and (2) above, including any deficiences for required payments in prior fiscal years, any moneys remaining in said Capital Outlay Fund at the end of such fiscal year may be used by the State Board for direct payment of the cost or any part of any capital outlay project theretofore authorized by the legislature or for the purchase of any bonds or certificates issued hereunder then outstanding upon such terms and conditions as the State Board shall deem proper, or for the prior redemption of outstanding bonds or certificates in accordance with the provisions of the proceedings which authorized the issuance of such bonds or certificates. Article XII, s. 19, State Const. 1885, as continued, therefore permits the expenditure of the Capital Outlay Fund upon capital outlay projects of three categories of educational institutions, i.e., institutions of higher learning, junior colleges, and vocational-technical schools. "Institutions of higher education" are defined by s. 228.041(1)(c), F.S., as: . . . all state supported educational institutions offering work above the public school level, other than community colleges, that are authorized and established by law, together with all activities and services authorized by law to be administered by and through each of those institutions. Chapter 72-221, Laws of Florida, changed the terminology from "institutions of higher learning" to "institutions of higher education" but continued the definition of such term in substantially the same form as it has existed since 1939. See s. 118(1)(b), Ch. 19355, 1939, Laws of Florida. Section 230.741, F.S., provides that the terms junior college and community college are used interchangeably in the Florida Statutes. Section 228.041(1)(b), F.S., defines "community colleges" as: . . . all educational institutions operated by local community college district boards of trustees under specific authority and regulations of the state board and offering courses and programs of general and academic education parallel to that of the first and second years of work in institutions in the state university system, of occupational education, and of adult continuing education. Article XII, s. 19, State Const. 1885, as continued, refers to "vocational-technical schools as provided in Chapter 230, Florida Statutes." Section 230.63, F.S., authorizes a school board or the school boards of contiguous districts to establish and operate a vocational-technical center or school as a part of the district school system, under the provisions of s. 228.061, F.S. This latter statute, in subsection (2)(a), provides that: There may be established, at the discretion of the school board, other schools, courses and classes pursuant to law or by regulations of the state board for * * * * * 4. Furnishing part time, evening, and vocational schools and classes; 5. Providing technical or vocational training for persons regardless of age; and 6. Offering other types of instruction of a similar nature. The implementing regulations found in Regulations 6A-6.78 and 6A6. 79, Florida Administrative Code, further define Ch. 230, F.S., vocational-technical schools. In Regulation 6A-6.78(1), it is provided: The following definitions and requirements will be observed by the state board of education and the state board for vocational education in approving area vocational educational schools under the provisions of Public Law 88- 210, Public Law90-576, and sections 230.63, 230.631, and 236.076 [renumbered F.S. 230.651 by s. 142 of Chapter 72- 221, Laws of Florida], Florida Statutes: (1) The term "area vocational education school" shall mean any designated public school or public institution, under the supervision of the state board for vocational education, which falls within one of the following categories: (a) A high school with a department which is used exclusively or principally for the provision of vocational education to persons who are available for study in preparation for entering the labor market. (b) A specialized high school used exclusively or principally for the provision of vocational education to persons who are available for study in preparation for entering the labor market. (c) A technical or vocational school used exclusively or principally for the provision of vocational education to persons who have completed high school and persons who have left school without graduation and who are available for study in preparation for entering the labor market and which admits, as regular students, both persons who have completed high school and persons who have left school without graduation. (d) A community college with a department or division used to provide vocational education leading to immediate employment but not leading to a baccalaureate degree; the college must admit to the department or division as regular students both persons who have completed high school and persons who have left school without graduation. Further, Regulation 6A-6.79 provides in its preamble: An area vocational-technical center as provided in sections 230.63 and 230.64, Florida Statutes, shall be a specialized post-secondary school, administered by the school board of the district of location, which provides vocational and technical education and adult general education under the provisions of section 228.09, Florida Statutes.
The Florida School for the Deaf and the Blind is a specialized state educational institution operating pursuant to s. 242.331, F.S. Management and control of the operations of this school are vested in a Board of Trustees, appointed pursuant to s. 242.331(1), which exercises its authority "in conjunction with and under the supervision and general policies adopted by the state board of education." Section 242.331(3). In Regulations 6D-2.04(3) and (4) and 6-2.05(2) and (5), F.A.C., it is provided that the ultimate goal of the school is to take the deaf or blind child "through high school" and to provide such child with a fundamental education which will enable the child to "enter college or pursue further training elsewhere." Consequently, it would appear that the Florida School for the Deaf and the Blind clearly falls outside of the aforementioned definitional context of institutions for higher education [learning] and community or junior colleges under s. 228.041(1)(b) and (c), F.S. Further, while vocational education is provided at the Florida School for the Deaf and the Blind, it clearly does not constitute a vocational-technical school within the context of Ch. 230, F.S., i.e., a school operated by a school board and constituting a part of the district school system. See ss. 230.63(1), 228.041(2), and 228.061, F.S. Since the Florida School for the Deaf and the Blind falls outside the purview of the definition of a junior college and an institution of higher education and does not constitute a vocational-technical school "as provided in Chapter 230, Florida Statutes," it would not be eligible to participate in the Capital Outlay Fund established by Art. XII, s. 19, State Const. 1885, as continued by Art. XII, s. 9(a), State Const. Consequently, your question as it pertains to the Florida School for the Deaf and the Blind is answered in the negative. The state system of public broadcasting, including educational television, is provided for in ss. 229.805 and 229.8051, F.S. The responsibility for the educational television network is placed upon the Department of Education with an overall policy goal of providing the powers of teaching, the raising of living and educational standards of Florida residents and the protection and promotion of public interest in educational television. See s. 229.805(1) and (2). The administration of the public broadcasting system is likewise vested in the Department of Education pursuant to policies adopted by the State Board of Education. This system is intended to both complement and share resources with the instructional programming service of the Department of Education and the educational UHF, VHF, ITFS, and FM stations in this state. See s. 229.8051(1). Clearly, neither the educational television network nor the public broadcasting system falls within the aforementioned definitional context of institutions of higher education [learning], community [junior] colleges, or Ch. 230, F.S., vocational-technical schools. Consequently, your question as it relates to the state system of public broadcasting, including the educational television network, is also answered in the negative.